FILED

2007 Jan-08  PM 02:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

WESTERN SURETY COMPANY,

     Plaintiff,

vs.                            CASE NO. CV-06-J-183-NE

BRADFORD ELECTRIC CO., INC.,
et al.,

     Defendants.

### **MEMORANDUM OPINION**

In accordance with the settlement agreement of the parties, plaintiff Western Surety Company ("Western") and defendants Bradford Electric Co., Inc., and Richard T. Bradford (collectively "Bradford")[1] submitted briefs to the court on the issue of indemnification and attorney fees. The court held a hearing on that issue on December 12, 2006, at which the aforementioned parties were present by and through their respective counsel of record. Based on the briefs, the arguments of the parties, the pleadings in the record, and the applicable law, the court finds as follows:

Western issued performance and payment bonds on behalf of Bradford for electrical work Consolidated Construction Company ("Consolidated") subcontracted to Bradford at the Columbia High School project in Huntsville, Alabama. The

---

[1] Richard Bradford is the sole owner of Bradford Electric Co., Inc. Depo. of Richard Bradford (submitted as Consolidated's exhibit 4) at 12.

performance bond was issued in favor of Consolidated for $1,607,756.00, the full amount of the subcontract.  Complaint, ¶ 4; Cross-Claim and Counterclaim, ¶¶ 8-9; Bradford Cross-Claim, ¶ 3; exhibit A to the Complaint.  Bradford issued a General Agreement of Indemnity (GAI) in favor of Western, by which Bradford agreed to indemnify plaintiff from any and all loss or anticipated loss which might result from issuance of the performance bond.  Affidavit of Joan Clements, ¶¶ 3-4.  Due to disputes over the timeliness of the work being performed by Bradford, Consolidated terminated its contract with Bradford in August 2005 and notified Western it sought payment under the performance bond.

As of January 4, 2006, Western had paid $24,262.30 under the subcontractor payment bond based on claims from laborers and material suppliers. Affidavit of Clements, ¶ 11.  No other sums have been paid under the payment bond.  No amounts have been paid under the performance bond.[2]  On January 27, 2006, Western filed this action against Bradford, Consolidated, the architect who designed the school, and the electrical engineering company who designed the electrical plans for the school.  All claims, cross-claims and counterclaims have been settled.  The sole issue before the court is Western's claim for indemnification on attorney fees and related expenses it

---

[2]The court notes that in settlement of this litigation, Western did pay a sum under the performance bond.  However, as part of that settlement agreement, Western does not seek indemnification of this amount.

2

incurred in this suit.  Western seeks a judgment in its favor for the amount paid under

the payment bond as well as all attorney fees and costs incurred in this litigation.

Bradford responds that the amount claimed by Western is simply not reasonable.[3]

The General Agreement of Indemnity ("GAI") states in relevant part as

follows:

> 2.  The Indemnitors will indemnify and save the Company harmless
> from and against every claim, demand, liability, cost, charge, suit,
> judgment and expense which the Company may pay or incur in
> consequence of having executed, or procured the execution of such
> bonds, or any renewals or continuations thereof or substitutes therefore,
> including, but not limited, to fees of attorneys, whether on salary,
> retainer or otherwise, and the expense of procuring, or attempting to
> procure, release from liability, or in bringing suit to enforce the
> obligation of any of the Indemnitors under this Agreement.  In the event
> the Company deems it necessary to make an independent investigation
> of a claim, demand, or suit, the Indemnitors acknowledge and agree that
> all expense attendant to such investigation is included as an indemnified
> expense.  In the event of payments by the Company, the Indemnitors
> agree to accept the voucher or other evidence of such payments as prima
> facie evidence of the propriety thereof, and of the Indemnitors' liability
> therefore to the Company.

Plaintiff's exhibit C to the Complaint, ¶ 2.  Defendant Bradford, through its president,

Richard T. Bradford, signed this agreement on January 31, 2003.  Defendant Richard

T. Bradford also signed this agreement as an individual indemnitor on this same date.

---

[3]At the hearing, Bradford asserted that any liability Western had was contingent solely on Bradford's liability.  Bradford both hired construction counsel and had additional counsel from its insurance company to defend against Western's suit.  Thus, Bradford argues that Western's attorney fees were vastly excessive, given the posture of this case.

Western seeks indemnification for its attorney fees and the sole payment made under the payment bond pursuant to this agreement.  The parties do not dispute that the only sum Western paid prior to filing this action was the Automatic Control Devices, Inc., claim of $24,262.30.[4]  Western seeks reimbursement for fees and expenses in the total amount of $324,861.11.[5]  Despite Western's repeated demands that Bradford provide collateralization based on potential claims under the two bonds, Western has not paid any sums other than the $24,262.30.[6]  Thus, the court is troubled by the open season on billing which thereafter apparently occurred.

Western cites *Frontier Insurance Company v. International, Inc.*, 124 F.Supp.2d 1211 (N.D.Ala.2000), for the proposition that Western is entitled to "reimbursement from defendants, separately and severally, of all losses, costs, attorney's fees and expenses incurred as a result of the Consolidated claim."  Brief of Western Surety (doc. 146) at 8.  *Frontier Insurance* states "a surety is entitled to reimbursement pursuant to an indemnity contract for any payments made by it in a

---

[4]Bradford actually agreed to pay the amount of $23,403.40 on this claim, because it disputed $889.00 of it.  *See* exhibits A and B to Exhibit 1 to Bradford's opposition to Western Surety's motion for summary judgment (doc. 107).

[5]The attorney fee and expense records provided to the court show a "Billed to Date" amount of $251, 620.65.  Adding the $24,262.30 paid under the payment bond, the court finds the total sum to be $275,882.95.  This is $48,978.16 less than the amount sought by Western.

[6]These requests for collateralization were in spite of the Consent Order restraining Bradford from disposing of any assets worth more than $2,500.00 (doc. 11).  Had Bradford deposited with Western $1,500,000.00, the restraints of the Consent Order would have terminated.  *Id.*

4

good faith belief that it was required to pay, regardless of whether any liability actually existed." *Id.*, at 1213 (citations omitted).

However, pursuant to a contract of indemnity for attorney fees, the concept of good faith must be applied.  In every contract "there exists an implied covenant of good faith and fair dealing." *See Hunter v. Wilshire Credit Corporation,* 927 So.2d 810, 813 (Ala.2005) (quoting *Sellers v. Head,* 261 Ala.212, 73 So.2d 747, 751 (1954); *Lloyd Nolan Foundation, Inc. v. City of Fairfield Healthcare Authority*, 837 So.2d 253, 267 (Ala.2002).  An indemnitor can defeat a surety's right to recover under indemnity provisions by demonstrating lack of good faith on the part of the surety in discharging its obligations under the bond. *Frontier Insurance Co.*, 124 F.Supp.2d at 1214; citing *Fidelity and Deposit Co. of Maryland v. Bristol Steel and Iron Works, Inc.,* 722 F.2d 1160, 1163 (4th Cir.1983).

Thus, although not explicitly stated by the GAI, the court finds that the concept of "reasonableness" must be applied to any claim for indemnification of attorney fees. *See e.g., Ideal Electronic Security Co., Inc. v. International Fidelity Insurance Company,* 129 F.3d 143, 148-149 (D.C.Cir.1997)(courts in other jurisdictions have indicated that, as a general matter, a surety must show something akin to *reasonable necessity* when seeking attorney fees under an indemnity agreement (emphasis in original))*; Neustrom v. Union Pacific Railroad Company,* 156 F.3d 1057, 1068 (10th

Cir.1998) ("a duty to act reasonably must be read into every contract, including the

terms of indemnification clauses). *Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345,

1348 (8th Cir.1994) citing *Quinto v.Legal Times of Washington, Inc.*, 506 F.Supp.

554, 562 (D.D.C.1981)(good faith entails both honesty in fact and reasonableness).

The Alabama Supreme Court dealt with this issue directly, many years ago,

stating:

> In construing indemnity covenants like that before us, it is everywhere
> recognized that the indemnitee must act in good faith.  He cannot
> needlessly, in utter disregard of the burdens he is imposing on his
> indemnitor, incur attorney's fees, and in no case such as are excessive
> and unreasonable in amount.
>
> The rule is otherwise stated as requiring good faith and the exercise of
> a reasonable discretion....
>
> Good faith in such cases is that which obtains between persons standing
> in confidential or fiduciary relations; a good faith which carries a duty
> to have regard for the interests of his associate, an application of the
> principles of the golden rule.
>
> Good faith implies the exercise of a reasonable discretion in the
> circumstances.

*Kilgore v. Union Indemnity Co.*, 222 Ala.375, 132 So. 901 (1931).  *See also Perkins*

*v. Thompson*, 551 So.2d 204, 209 (Miss.1989).[7]  Following these principles, the Fifth

---

[7]In *Perkins*, the Court adopted the principles set forth by the Alabama Supreme Court in Kilgore.  The Mississippi Supreme Court then concluded, "here the surety is entitled to reimbursement for legal costs only if it is necessary for the surety to retain separate legal counsel, if the amount of the fees claimed is reasonable, and if the surety has acted in good faith toward the principal."  *Id.*, at 210.  After remand, the Court stated that "in *Perkins I*, we affirmed that the indemnity agreement was enforceable but held that it did not represent a blank check which

Circuit Court of Appeals held:

> In sum, an indemnity agreement is not a blank check; it does not entitle the surety company to reimbursement for legal expenses which are unreasonable or unnecessary. To hold otherwise would allow bonding companies to retain counsel and to charge attorneys' fees against the indemnitor even when the surety company does not require a separate legal defense to protect its interests. The indemnity contract cannot reasonably be construed as requiring the indemnitee to bear the cost of such redundant representation. Thus, the weight of authority allows reimbursement for legal costs under the terms of an indemnity contract only if it is necessary for the surety to retain separate counsel, if the amount of the fees claimed is reasonable, and if the surety has acted in good faith toward the bond principal.

*Jackson v. Hollowell,* 685 F.2d 961, 966 (5th Cir.1982).  Western has repeatedly represented to this court that retention of separate counsel by Western was both necessary and reasonable. *See e.g.*, Brief of Western Surety Company (doc. 146) at 2.  In fact, Western asserts that "Western, BECI and Richard T. Bradford have always been adverse in this case." *Id*.

With these legal tenets in mind, the court considers the reasonableness of the attorney fees and expenses claimed by Western.  The court has also considered that, with the exception of a bad faith claim against Western by Consolidated, all other claims against Western were contingent on liability being found against Bradford.

---

enabled [Western] Surety to incur any expense and send the bill to [the indemnitor]." *Perkins v. Thompson*, 609 So.2d 390, 399 (Miss.1992).  The Court concluded that "[Western] Surety is entitled to recover only fees and expenses incurred 'by reason of having been surety on this bond.'  Such fees and expenses and the reasonableness and necessity of same are thus function's of Western Surety's interest in the case and the risks to which it was exposed." *Id.*, at 400.

Without that, Western could have no liability.  However, unlike many surety situations, Western was not content to rely on Bradford's defense counsel to protect its interests as well.

The court also considers the basic caveats set forth by the Eleventh Circuit for reasonableness of attorneys fees, such as that time billed must not be "excessive, redundant, or otherwise unnecessary ..." *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir.1999).  Similarly, hours spent on purely clerical work or secretarial tasks are unrecoverable overhead expenses.  *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir.1982).  Paralegal expenses are recoverable only to the extent that the paralegal performs work traditionally done by an attorney.  Otherwise, paralegal expenses are unrecoverable overhead expenses.  *Id.*

During the hearing held on this claim, counsel admitted the following sums were erroneously included in this claim, and are therefore withdrawn:

| | | | | |
|---|---|---|---|---|
| 7/25/2006 | LGS | Preparation for hearing on Temporary Restraining Order request and response to inquiry from Judge Bowen. | 2.80 | 560.00 |
| 11/28/2006 | BAD | ... preparation of motion for summary judgment[8] | 4.40 | 814.00 |
| 11/29/2006 | BAD | Preparation and revision of Memorandum supporting Motion for Summary Judgment[2] | 4.20 | 777.00 |
| 11/29/2006 | LGS | Review of correspondence from mediator ... review and revision of summary judgment motion (indemnity issue) | 3.40 | 680.00 |

---

[8]This time claim actually includes other activities, all of which were billed by other counsel as well.  Therefore, the court deducts the entire amount.

| 11/30/2006 | EMF | Strategic development with LGS and BAD | 3.60 | 522.00 |
|---|---|---|---|---|
| 11/30/2006 | BAD | Research regarding reasonableness argument in opposition to surety's rights... | 4.10 | 758.50 |
| 11/30/2006 | LGS | Review and revision of Memorandum in Support of Motion for Summary Judgment ... | 3.70 | 740.00 |
| 11/30/2006 | JTW | Researched previous memorandum Opinions in favor of surety regarding indemnity claims. | .60 | 45.00 |

Thus, the court deducts $4,896.50 from the amount sought by Western.

The court finds the following claims for reimbursement unreasonable as overhead or clerical expenses:

| 11/22/2005 | JKH | Retrieval of documents, and assembling same for review by LGS | .50 | 37.50 |
|---|---|---|---|---|
| 11/22/2005 | JKH | Review and organization of documents from client. | 2.80 | 210.00 |
| 12/2/2005 | JKH | Continued creation of files for materials received from client. | 2.30 | 172.50 |
| 12/5/2005 | JKH | Creation of index for files produced by client. | .70 | 52.50 |
| 12/28/2005 | JKH | Confirming location of principal's office; report to file regarding the same; reviewing contents of Bradford Electric Web page ... | .70 | 52.50 |
| 1/3/2006 | JKH | Retrieval of docuements (sic) from file for attorney review... | 2.10 | 157.70 |
| 1/4/2006 | JKH | Retrieval of documents from file for review by attorney | 1.80 | 135.00 |
| 1/6/2006 | JKH | Creation of file for Summary of Report by Draper & Associates | .30 | 22.50 |
| 1/12/2006 | JKH | Correspondence to opposing counsel enclosing revised copy of Bradford Electric report. | .30 | 22.50 |
| 3/7/2006 | JKH | Conference with Federal Court re: filings and non-service to counsel for O & S Enterprises... | .30 | 22.50 |
| 3/10/2006 | JKH | Conference with copy service re: status of documents | .40 | 30.00 |
| 3/23/2006 | JKH | Review of scheduling order and report to file ... | .50 | 37.50 |
| 4/14/2006 | JKH | Review and organization of file.... | .50 | 37.50 |
| 4/27/2006 | JKH | Correspondence to copy service enclosing invoice and payment ... | .30 | 22.50 |
| 6/13/2006 | JKH | Correspondence with client re: invoice for copy of Architect project file | .30 | 22.50 |
| 7/6/2006 | JKH | Conference with mediator's office re: invoices and prior payment... | .30 | 22.50 |
| 8/2/2006 | JKH | Review of scheduling order re: Expert disclosures deadline; report to file. | .30 | 22.50 |
| 8/3/2006 | JKH | Correspondence with counsel for general contractors Enclosing payment for Western Surety's share of room rental for mediation | .30 | 22.50 |
| 8/9/2006 | JKH | Conference with court re: Response to Motion to Intervene; report to file | .30 | 22.50 |
| 8/16/2006 | JKH | Correspondence with client enclosing invoice for | .30 | 22.50 |

| | | | | |
|---|---|---|---|---|
| | | mediation services. | | |
| 8/23/2006 | JKH | Correspondence with court reporters enclosing payment for invoice | .20 | 15.00 |
| 9/5/2006 | JKH | Review of scheduling order and report to file re: compliance with same | .90 | 67.50 |
| 9/18/2006 | JKH | Drafting of bill letters to opposing counsel for cost of producing documents. | .40 | 30.00 |
| 9/19/2006 | JKH | Converting deposition transcripts to portable document format; correspondence with electrical engineer for review. | .50 | 37.50 |
| 9/19/2006 | JKH | Correspondence with client enclosing deposition transcript and errata sheet for review. | .40 | 30.00 |
| 9/19/2006 | JKH | Conference with electrical engineering expert re: deposition transcripts for review. | .30 | 22.50 |
| 10/9/2006 | JKH | Correspondence with court reporter enclosing executed Errata sheet for distribution to counsel. | .30 | 22.50 |
| 10/13/2006 | JKH | Preparation of documents for transmittal to counsel for defendants. | .50 | 37.50 |
| 10/16/2006 | JKH | Correspondence with Preferred Title enclosing payment for title search. | .30 | 22.50 |
| 10/17/2006 | JKH | Correspondence with William Sealy enclosing documents for review. | .60 | 45.00 |
| 10/17/2006 | JKH | Correspondence with Ken McLaughlin re: documents for review. | .50 | 37.50 |
| 10/30/2006 | JKH | Correspondence with client enclosing invoice from court reporter for payment. | .40 | 30.00 |
| 11/9/2006 | JKH | Correspondence with Ken McLaughlin enclosing code of professional conduct from Board of Registration of Architects. | .30 | 22.50 |
| 11/9/2006 | JKH | Review of mail. | 1.00 | 75.00 |
| 11/22/2006 | JKH | Correspondence with court reporter enclosing payment for deposition transcript. | .30 | 22.50 |

Thus the court shall remove the amount of $1,665.20 from Western's claim.

The court finds the following claims for reimbursement duplicative:

| | | | | |
|---|---|---|---|---|
| 1/4/2006 | BAD | Preparation of Complaint for Exoneration of Surety | 5.80 | 928.00 |
| 1/4/2006 | LGS | Continued preparation of declaratory judgment... | 6.50 | 1,300.00 |
| 1/4/2006 | TLS | Continued evaluation of grounds for termination.... initial preparation of Declaratory Judgment/Exoneration action. | 1.80 | 360.00 |
| 1/5/2006 | BAD | Revision of Complaint; Application for Injunctive Relief... | 1.10 | 176.00 |
| 1/5/2006 | LGS | Further review and revision of proposed declaratory exoneration. | 1.80 | 360.00 |
| 1/6/2006 | LGS | Further review and revision of proposed declaratory action... | 3.70 | 740.00 |
| 1/13/06 | LGS | Conference with Joan Clements and Ken McLaughlin; | 3.30 | 660.00 |

| | | review and revision of suit papers ... | | |
|---|---|---|---|---|
| 1/14/2006 | TLS | Confirmation of plans for site visit... further preparation of complaint | 1.60 | 320.00 |
| 1/16/06 | LGS | Further review and revision of exoneration/declaratory judgment action.... | 2.60 | 520.00 |
| 1/17/06 | LGS | Confirmation of plans for inspection/observation... further review and revision of revised declaratory judgment complaint... | 1.80 | 360.00 |
| 1/24/2006 | LGS | Conference with Joan Clements and Ken McLaughlin; final review and revision of Complaint for Declaratory Relief... | 5.50 | 1,100.00 |
| 1/24/06 | TLS | Conference with Mr. McLauglin... revised complaint for Declaratory Relief ... | 3.80 | 760.00 |
| 1/26/2006 | BAD | Final preparation of Complaint ... | 1.90 | 351.50 |

Because each of the attorneys involved in drafting the complaint "grouped" his hours, listing numerous activities in blocks, the court cannot ascertain with specificity how much of the above claimed time was actually spent drafting the complaint.[3] Giving the attorneys the benefit of the doubt, the court deems one-third the claimed time to have been spent on other activities besides the drafting of the complaint. As the above hours total 41.20, the court deems 13.73 hours spent on other activities, leaving 27.47 hours drafting a complaint. The court finds 20.00 hours more than reasonable, and hence reduces the attorney fees recoverable under the GAI by 7.47 hours, which equals $1,456.65.[4]

The court also finds that review of the contracts in question by multiple

---

[3]This habit of "grouping" activities pervades the entire billing record, creating difficulties in determining the reasonableness of all charges. The court has considered each of the activities claimed in each "group" and, where possible, allowed time for clearly compensable activities.

[4]The court has arrived at this amount by averaging the rates charged by counsel. As two attorneys bill at $200.00 per hour, and a third at $185.00 per hour, the court has added these rates ($200.00 + $200.00 + $185.00), divided by 3 and arrived at the sum of $195.00 per hour for each hour reduced.

attorneys was duplicative and unnecessary.   The following work by the fourth

attorney to review those contracts is found unreasonably redundant:

| | | | | |
|---|---|---|---|---|
| 1/9/2006 | EMF | Strategic Development with LGS re: status and research issues and review contracts re: same. | .20 | 32.00 |
| 1/10/2006 | EMF | Continue review of contracts. | 3.0 | 480.00 |
| 1/12/2006 | EMF | Continue review of contracts and research re: issues concerning wrongful termination | 3.0 | 480.00 |
| 1/16/2006 | EMF | Research and prepare memorandum re: termination issues and strategic development with LGS ... | 5.0 | 800.00 |
| 1/19/2006 | EMF | Continue research ... review contracts re: latent defects... | 3.30 | 528.00 |
| 1/23/2006 | EMF | Strategic development with LGS re: research memo... | 4.20 | 672.00 |
| 1/24/2006 | EMF | Strategic development with LGS re: termination memo and revise memo... | .70 | 112.00 |

The court therefore deducts the amount of $3,104.00.

| | | | | |
|---|---|---|---|---|
| 1/27/2006 | BAD | Final preparation for hearing on Application of Temporary Restraining Order; attendance in Court for hearing... | 3.90 | 721.50 |
| 1/31/2006 | BAD | Preparation for hearing on preliminary injunction, conference with counsel for Bradford Electric Company regarding same. | 1.10 | 203.50 |

The court finds these two claims, taken together, are redundant.  The court did

not have a hearing in this case on January 27, 2006, thus the attorney could not have

spent time attending one.  However, having prepared for the hearing on January 27,

2006, the court would hope he was still prepared on January 31, 2006, when the

hearing was rescheduled for February 7, 2006.  As other activities are claimed, the

court finds reasonable one-half the time claimed, or 2.50 of the 5.0 hours claimed, a

reduction in the amount recoverable of $426.50.

| | | | | |
|---|---|---|---|---|
| 2/6/2006 | TLS | Review of complaint; initial preparation of Preliminary Injunction Order | 2.30 | 460.00 |
| 2/7/2006 | TLS | Review of complaint; initial preparation of Preliminary Injunction Order | 2.30 | 460.00 |

The court finds that the second identical entry Thomas L. Seldon, dated 2/7/2006, is surely in error, as the exact same entry was made the previous day, although the same appeared on the previous month's bill to Western.  The court shall reduce the amount sought by $460.00.

| | | | |
|---|---|---|---|
| 1/20/2006 | LGS | Travel to and lodging expense in Mobile, AL for meeting with new client lawyer | 334.20 |

The court is unable to decipher this expense claim.  No lawyer in this case is in Mobile, nor does this case involve a lawyer-party.  On this same date, Western's expert, Kenneth McLaughlin, submitted a charge, infra, for his expenses in traveling to Huntsville to meet with Attorney Stiff.   In fact, on this same date, Attorney Stiff has billed $240.00 for meeting with Ken McLaughlin and Joan Clements.   As Mr. McLaughlin claimed to be in Huntsville, and Attorney Stiff claimed to meet with him, the court concludes that the travel and lodging expenses for "meeting with new client lawyer" were erroneous, and deducts $334.20 from the amount sought.

| | | | | |
|---|---|---|---|---|
| 2/16/2006 | JKH | ...preparation of Alias Summons to SKT Architects | 1.60 | 120.00 |
| 2/17/2006 | BAD | ...preparation of alias summons to  SKT Architects... | 1.10 | 203.50 |

Preparation of an alias summons simply does not take two people two days to prepare.  This is especially true given that the court docket the summons received back from the post office and marked "NOT DELIVERABLE AS ADDRESSED" until February 21, 2006, four days after Mr. Harred's claim of time spent preparing

13

an alias summons.  Thus, the claims of February 16 and 17, 2006, in the total amount

of $323.50, shall be deducted from fees recoverable under the GAI.

| | | | | |
|---|---|---|---|---|
| 3/9/2006 | JKH | Initial review of documents received from City of Huntsville... | .50 | 37.50 |
| 3/9/2006 | BAD | Review of documents produced by City of Huntsville... | .80 | 148.00 |

These two claims are clearly redundant.  The court finds reasonable one half

of each claim, resulting in a total reduction of $92.75 in the amount sought by

Western.

| | | | | |
|---|---|---|---|---|
| 4/5/2006 | JKH | Review of order from court setting hearing on Motion to Reconsider... | .20 | 15.00 |
| 4/5/2006 | BAD | Review of order setting Motion to Reconsider for hearing ... | .20 | 37.00 |

These two claims are redundant.  The court finds reasonable the time claimed

by Mr. Harred only, resulting in a reduction of $37.00.

| | | | | |
|---|---|---|---|---|
| 4/12/2006 | LGS | Final Preparation for and attendance in court on all pending motions... | 4.50 | 900.00 |
| 4/12/2006 | LGS | Preparation for and attendance at argument in Judge Johnson's court... | 4.80 | 960.00 |

As the court held only one hearing on this date, only one of these entries is

correct.  As the second claim for the identical activity surely must have been charged

by accident, the court will not allow Western to recover from Bradford the amount

of $960.00.

| | | | | |
|---|---|---|---|---|
| 4/4/2006 | JKH | Review of financial information submitted by defendant Richard Bradford... | .50 | 37.50 |
| 6/27/2006 | JKH | Initial review of Financial Information from Bradford... | .40 | 30.00 |

As financial information documents from Bradford were first reviewed by Mr. Harred

14

in April, his entry in June of an initial review of these documents must have been in error.  The court reduced the amount recoverable under the GAI by $30.00.

| | | | | |
|---|---|---|---|---|
| 5/11/2006 | BAD | Review and analysis of SKT Architect's project file ... | 6.60 | 1,221.00 |
| 5/12/2006 | JKH | Initial review of documents from project file ... | 1.40 | 105.00 |
| 5/12/2006 | LGS | Review of key documents obtained from SKT files ... | 2.30 | 460.00 |
| 5/15/2006 | JKH | Initial review and analysis of documents produced by SKT Architects; report to file. | 1.90 | 142.50 |
| 5/15/2006 | JKH | Correspondence with counsel for SKT Architects re: cd-rom version of documents produced ... | .20 | 15.00 |
| 5/17/2006 | LGS | Further review of documents produced by SKT ... | 1.50 | 300.00 |
| 5/26/2006 | JKH | Review and analysis of pay applications from architects (Sic) project file ... | 1.40 | 105.00 |

Counsel and staff for Western spent 15.30 hours reviewing the same documents.  The court finds that Mr. Harred could not have an initial review of the same documents two times.  The court allows only Attorney Dodd's 6.60 hours reviewing this project file.  The remainder of these charges, $1,127.50, are excessive.

| | | | | |
|---|---|---|---|---|
| 6/7/2006 | LGS | Prepare for and attend depositions of CCC reps., Halbrooks and Bradford rep. | 11.50 | 2,300.00 |

The court notes that the deposition of the "Bradford rep." would be Rick Bradford, whose deposition was attended by Attorney Dodd, but not Attorney Stiff, and which took place on June 8, 2006, and not June 7, 2006.  The court therefore deducts one-half of the amount claimed, a reduction of $1,150.00.

| | | | | |
|---|---|---|---|---|
| 7/11/2006 | JKH | Review and analysis of Motions to Compel filed by defendant Consolidated... | .90 | 67.50 |
| 7/11/2006 | BAD | Review of Motions to Compel filed by Consolidated... | .70 | 129.50 |
| 7/12/2006 | BAD | Continued evaluation of Consolidated... Motions to Compel | .70 | 129.50 |
| 7/12/2006 | JKH | Review and revision of Response to Motions to Compel and electronic filing of same with court.... | 1.10 | 82.50 |
| 7/12/2006 | LGS | Review of Motions to Compel filed by CCC; preparation of response... | 3.30 | 660.00 |
| 7/13/2006 | LGS | Review of Motions to Compel ... | 3.50 | 700.00 |

These entries are highly redundant.  The court finds the time spent by attorney Stiff on July 12, 2006, reviewing and responding to the motions to compel, and the time spent by Mr. Harred on the same date reviewing and revising the response to be reasonable.  The remainder of time spent on this activity is excessive.  The court believes the entry by attorney Stiff on July 13, 2006, the day after Western's response to these motions was filed with the court, must have been made in error.  The court therefore is of the opinion the sum of $1,026.50 is excessive and not reasonably incurred.

| 8/10/2006 | JKH | Correspondence with all counsel confirming upcoming deposition schedule. | .50 | 37.50 |
| 8/11/2006 | JKH | Correspondence with counsel for defendants confriming (sic) deposition schedule. | .40 | 30.00 |

The court finds the second charge for this activity redundant and subtracts $30.00.

| 8/25/2006 | BAD | Conference with architect for Alabama Department of Education regarding inspection obligations ... | .70 | 129.50 |
| 8/25/2006 | LGS | ...conference with state architect re procedures and policies for electrical inspections and confirmation of status of inspections by State Building Commission ... | 4.40 | 880.00 |
| 8/28/2006 | BAD | Conference with Alabama Building Commission re inspection of projection file for Columbia High School project | .20 | 37.00 |

These two entries seem to include some of the same activities.  The court reduces the reasonable fee by .70 hours at 200.00/hour, and an additional .20 at $185.00/hour, for a sum of $177.00.

| 9/25/2006 | JKH | Drafting non-party subpoena and deposition notice for representative of Building Commission | .70 | 52.50 |
| 9/25/2006 | LGS | Preparation of notice of deposition to John Vandiver.... | 1.80 | 360.00 |

| | | | | |
|---|---|---|---|---|
| 9/25/2006 | BAD | ... conference with John Vandiver confirming availability for deposition; review of deposition notice and subpoena; correspondence to Mr. Vandiver enclosing same | 1.10 | 203.50 |
| 9/26/2006 | JKH | Review and revision of deposition subpoena to Building Commission official.... | .80 | 60.00 |

Both Mr. Harred and attorney Stiff claim to have prepared the subpoena to John Vandiver, who was deposed as the representative from the Building Commission. The court allows the time claimed by Mr. Harred only. The court also allows the time claimed by attorney Dodd to confirm and mail the subpoena to John Vandiver on September 25, 2006, but finds Mr. Harred's claim of reviewing and revising the same subpoena the following day to be unreasonable. The court deducts the total amount of $420.00.

| | | | | |
|---|---|---|---|---|
| 1/13/2006 | LGS | Preparation for and attendance at deposition of Robert Walker; meeting with all defense counsel re proposed rescheduling of mediation and meeting of defense counsel prior thereto; review and revision of mediators statement and report to Joan Clements | 9.80 | 1960.00 |
| 11/13/2006 | LGS | Preparation for and attendance at deposition of Robert Walker; meeting with all defense counsel re proposed rescheduling of mediation and meeting of defense counsel prior thereto; review and revision of mediators statement and report to Joan Clements. | 9.80 | 1960.00 |

When questioned about the first of these charges during the hearing, attorney Stiff related that "1/13/2006" was obviously a wrong date and that it was either November or October 13, 2006. The court notes that the proper date must have been November 13, 2006, as this attorney performed these exact activities again on that date. Therefore, finding that this entry was erroneously made two times due to the date being entered improperly the first time, the court deducts the sum of $1,960.00.

17

The court finds the following claims for reimbursement excessive for the reasons set forth thereafter:

| 12/1/2005 | JKH | Continued creation of. | 1.30 | 97.50 |
|---|---|---|---|---|
| 3/31/2006 | TLS | Further evaluation fo (sic) arguments advanced by plaintiff in support of "bad faith" claim.... | 2.10 | 420.00 |
| 10/26/2006 | JKH | Review and analysis of deposition notices for. | .40 | 30.00 |

The court cannot determine what may have been created for 1.30 hours. This sum shall be deducted as unreasonable. Unless Western argued in support of the claim against it, the entry of March 31, 2006, is nonsensical, as Western is the plaintiff. The entry of October 26, 2006, is unintelligible. The court shall deduct the additional sum $547.50.

| 11/21/05 | LGS | Lunch meeting with expert | 746.78 |
|---|---|---|---|

The court is of the opinion that lunch should never cost this much. If this disbursement was for something other than the cost of food, this information is not reflected in Western's claim of indemnity for attorney fees and expenses. The sum of $746.78 shall be deducted as unreasonable.

| 1/30/06 | LGS | General preparation for hearing... | 5.40 | 1,080.00 |
|---|---|---|---|---|
| 1/31/2006 | LGS | Conference with Joan Clements and continued preparation for preliminary injunction hearing... | 3.80 | 760.00 |

The court finds these two claims to be excessive, given that the preliminary injunction hearing never occurred. Rather, the surety obtained a consent order against its principal restraining Bradford from disposal of its assets (doc. 11). The court therefore finds 4.20 hours of these claims to be excessive, reducing the amount

18

recoverable under the GAI by $840.00.

| 2/14/2006 | TLS | Review and analysis of counterclaim filed by Consolidated against surety; evaluation of recent case law ... and confirmation of plans of seeking early dismissal of "bad faith" claim. | 2.40 | 480.00 |
| 2/15/2006 | LGS | Review and analysis of CCC Counterclaim... | 5.50 | 1,100.00 |
| 2/16/2006 | LGS | ... review of Answer and Counterclaim and confirmation of client instructions re: Motion to Dismiss bad faith claim, etc. | 1.80 | 360.00 |
| 2/17/2006 | LGS | Further evaluation of Counterclaim and defense strategy | 2.50 | 500.00 |
| 2/21/2006 | LGS | Further review of CCC counterclaim and proposed response thereto .... | 3.30 | 660.00 |
| 3/2/2006 | TLS | Further review of Counterclaim filed by Consolidated... | .80 | 160.00 |

A total of 16.3 hours were spent by these attorneys in solely the review of the counterclaim against Western.  This was not a complex or novel counterclaim, but rather basic contract claims under Alabama law, including a bad faith failure to pay claim against Western.  At most, "review," "analysis," "evaluation" and crafting a proposed response should have taken no more than 4 hours.  The court deducts 12.30 hours, for a monetary reduction of $2,460.00.

| 4/3/2006 | BAD | ... review and evaluation of Order (denying motion to strike bad faith claim). | 1.60 | 296.00 |
| 4/3/2006 | TLS | Receipt of Order denying Motion to Dismiss ... | .60 | 120.00 |
| 4/4/2006 | BAD | Continued analysis of Order denying Motion to Strike... | 2.70 | 499.50 |

The Order in question was one and a half pages and concluded that the law on the issue was unsettled.   The court allows one hour for Attorney Dodd to review and evaluate this Order, a reduction of $730.50.

| 3/8/2006 | BAD | Review of Order setting briefing schedule on Motion to Dismiss bad faith count of counterclaim... | .90 | 166.50 |
| 3/8/2006 | TLS | Receipt of Order directing Consolidated to response (sic) to Motion to Dismiss "bad faith" claim | .80 | 160.00 |

19

This "briefing schedule" was a one page order allowing defendant Consolidated twenty-one days to respond to Western's motion to dismiss one of Consolidated's counter-claims against it.  It should not have taken two attorneys 1.70 hours total time to review a one page order which did not require them to do anything. The court finds a total of .2 hours for reviewing this Order reasonable, reducing the attorneys' time .80 for attorney Dodd and .70 for attorney Seldon.  This amounts to a reduction of $288.00.

| 3/10/2006 | LGS | Conference with client… preparation for planning conference. | 2.30 | 460.00 |
| 3/13/2006 | BAD | Conference with all counsel of record … preparation of Report of Parties Planning Meeting… | 1.90 | 351.50 |
| 3/13/2006 | LGS | Preparation for and participation in planning meeting; report to client … | 2.80 | 560.00 |
| 3/13/2006 | TLS | General preparation for mandatory parties' planning meeting… | 1.10 | 220.00 |
| 3/14/2006 | BAD | Review of revised Report of Parties Planning Meeting; conference with counsel for Consolidated Construction Company regarding same. | .20 | 37.00 |
| 3/14/2006 | LGS | Review of final planning meeting report and confirmation of status of document delivery. | 1.60 | 320.00 |
| 3/16/2006 | JKH | Conferences with opposing counsel re: Report Parties Planning Meeting and filing of same. | .30 | 22.50 |

The court is of the opinion that 9.90 hours for preparation of a Report of Parties' Planning Meeting is excessive, especially given that it was filed by counsel for Consolidated Construction Company, and not Western.  The court notes that attorneys use a "fill in the blank form" for such reports.  Even given that these attorneys did not file the report with the court, the court finds a reasonable amount of time to be 3 hours for preparation of the report and 2 hours for the planning

meeting itself, a reduction of 4.9 hours, which the court finds to be $955.50.[5]  The

court finds the claim for filing of the same completely unreasonable, and disallows

its entirety, a reduction of $22.50.

| | | | | |
|---|---|---|---|---|
| 3/20/2006 | LGS | ... confirmation of status of document production from parties and non-parties and further evaluation of discovery plan. | 2.50 | 500.00 |
| 4/13/2006 | LGS | Review of status of document production from parties and non-parties; evaluation of discovery plan. | 2.80 | 560.00 |
| 4/19/2006 | LGS | Further review and evaluation of discovery plan in light of mediation schedule. | 1.20 | 240.00 |
| 5/1/2006 | LGS | Review of correspondence ... further review and evaluation of discovery plan required before mediation | 1.40 | 280.00 |
| 5/10/2006 | LGS | Report to client ... confirmation of status of documents received from all parties; outline of discovery plan. | 1.50 | 300.00 |

The court finds that Attorney Stiff spent 9.4 hours confirming documents produced

and evaluating a discovery plan.  The court cannot ascertain what exactly these

activities might entail.  Presumably, before the parties submitted a Report of Parties

Planning Meeting to this court, the need for discovery and a plan therefore was

evaluated, analyzed and reviewed.  The court allows one hour for confirming the

status of document production, resulting in a deduction of $1,680.00.

| | | | | |
|---|---|---|---|---|
| 3/17/2006 | JKH | Review and downloading of documents served electronically by federal court. | .30 | 22.50 |

    The court "served" no documents on this date.

| | | | | |
|---|---|---|---|---|
| 4/5/2006 | JKH | Confirming status of pending motions in assistance to attorney. | .40 | 30.00 |

---

[5]Again, because of the "grouping" of blocks of time, the court has added the total time disallowed and averaged the rate charged for the three attorneys who claimed time for this activity.  Hence $200/hr. + $200/hr. + $185.00/hr. ÷ 3 = 195.00 x 4.90 hours disallowed = $955.50.

On April 5, 2006, the sole motion pending in this case was Western's motion for reconsideration. Looking at CM/ECF for a ruling on this one motion should not take anyone 24 minutes. The court allows .10 for this activity, a reduction of $22.50.

| | | | | |
|---|---|---|---|---|
| 6/1/2006 | TLS | ... evaluation of filing Partial Summary Judgment Motion re: claims for exoneration | .80 | 160.00 |
| 6/26/2006 | JKH | Review and analysis of Motion for Partial Summary Judgment.... | .90 | 67.50 |
| 6/26/2006 | BAD | ...preparation of Motion for Partial Summary Judgment and Supporting Memorandum Brief | 4.10 | 758.50 |
| 6/27/2006 | JKH | Assisting attorney with drafting Motion for Summary Judgment | .60 | 45.00 |
| 6/27/2006 | BAD | Continued preparation of revision of Motion for Partial Summary Judgment...preparation of First Amended Complaint | 2.30 | 425.00 |
| 6/27/2006 | LGS | Review and revision of Motion For Partial Summary Judgment ... preparation of Amended Complaint | 1.80 | 360.00 |
| 6/28/2006 | BAD | Continued preparation and revision of First Amended Complaint... | 1.30 | 240.50 |
| 6/28/2006 | LGS | ... further review and revision of Proposed Amendment to Complaint and Motion for Partial Summary Judgment | 3.40 | 680.00 |
| 6/29/2006 | JKH | Assisting attorney with drafting of Amended Complaint | .30 | 22.50 |
| 6/29/2006 | BAD | Continuing preparation and revision of First Amended Complaint. | .90 | 166.50 |
| 6/29/2006 | LGS | ...review and continued preparation of First Amended Complaint... | 4.70 | 940.00 |
| 6/30/2006 | LGS | Final review and revision of First Amended Complaint... | 3.30 | 660.00 |
| 7/3/2006 | LGS | ... evaluation of collateralization needs; continued preparation of Amended Complaint | 3.50 | 700.00 |
| 7/5/2006 | JKH | Assisting attorney with revisions to amended complaint.... | 1.20 | 90.00 |
| 7/5/2006 | BAD | Review of revised First Amended Complaint. | .30 | 55.50 |
| 7/5/2006 | LGS | ... final review and revision of proposed Amended Complaint... | 3.20 | 640.00 |
| 7/7/2006 | JKH | Review of Amended Complaint... | .90 | 67.50 |
| 7/7/2006 | BAD | Final review and revision of Motion for Leave to file First Amended Complaint... | 1.10 | 203.50 |
| 7/10/2006 | BAD | Review of Order granting Motion for leave to file ... final preparation of Amended Complaint for filing | .40 | 74.00 |
| 7/10/2006 | LGS | Confirmation of entry of Order granting Motion for Leave to File...conference with all counsel regarding service of Amended Complaint and compliance with Court Order... | 1.70 | 340.00 |
| 8/14/2006 | JKH | Review and revision of motion and memorandum brief in assistance to attorney. | .60 | 45.00 |
| 8/14/2006 | BAD | ... revision of Motion for Partial Summary Judgment and supporting Memorandum brief... | 2.60 | 481.00 |

| 8/15/2006 | JKH | Continued review and revision of Motion for Summaru (sic) Judgment in assistance to attorney | .90 | 67.50 |
|---|---|---|---|---|
| 8/15/2006 | BAD | ...continuing preparation and revision of Motion for Partial Summary Judgment and supporting Memorandum Brief ... | 4.10 | 758.50 |
| 8/15/2006 | TLS | Conference with Ms. Clements re deposition testimony, etc; review of terms of General Agreement of Indemnity and finalized Memorandum Brief in Support of Motion for Partial Summary Judgment[6] | 1.50 | 280.00 |
| 8/18/2006 | BAD | Conference with client ... execution of affidavit supporting Motion for Partial Summary Judgment... review of response from Bradford Electric Company to collateralization demand.[7] | 3.10 | 573.50 |
| 10/16/2006 | BAD | ... Revision of motion for partial summary judgment and supporting memorandum... Review of property report prepared by Preferred Title.  Revision of demand note, mortgage and seculity (sic) agreement. Report to file. | 5.10 | 943.50 |
| 10/18/2006 | JKH | Assisting attorney with preparation of motion for sumary (sic) judgment. | .40 | 30.00 |
| 10/18/2006 | LGS | Continuing revision of Motion for Partial Summary Judgment and supporting Memorandum Brief; conference with counsel for Bradford Electric Company regarding execution of demand note, mortgage and security agreement .... confirmation of license status of expert retained by Bradford Electric Company; report to file | 3.10 | 620.00 |
| 10/18/2006 | LGS | Review of recent cases of holding surety's rights of exoneration; revised Memorandum Brief and Evidentiary Submission in support of Partial Summary Judgment | 2.30 | 460.00 |
| 10/23/2006 | JKH | Drafting Notice of Evidentiary Submission for filing with court. | .80 | 60.00 |
| 10/23/2006 | JKH | Preparation of Motion and Brief for filing with court and electronic filing of same. | 1.40 | 105.00 |
| 10/23/2006 | JKH | Assisting attorney with selection of documents for use as exhibits to Motion. | .50 | 37.50 |

The only motion for partial summary judgment filed by Western was filed on October 23, 2006.   The Amended Complaint was filed July 10, 2006.  However, Western's counsel managed to lump together billing for both of these activities.  The time spent

---

[6]Joan Clements' deposition was attended by attorney Stiff, not attorney Seldon.  The court notes attorney Stiff spent no less than 20 billed hours preparing for that deposition, which resulted in a 129 page transcript.

[7]*See infra* regarding Western's fees incurred on the collateralization issue.

collectively on these two activities is 63.1 hours, which is excessive.[8]   The court

allows forty hours as reasonable for preparing a motion for summary judgment, and

ten hours for preparation of the amended complaint.   The court therefore shall deduct

13.1 hours for the sum of $2,323.30[9]

| 7/15/2006 | WDB | Researching caselaw regarding joint attorney-client privilege between principal and surety. | 1.10 | 176.00 |
| 7/17/2006 | WDB | Drafting report to file regarding research for joint defense privilege between principal and surety. | .60 | 96.00 |
| 7/17/2006 | BAD | Preparation off (sic) responses to Consolidated Construction Company's second document request; research regarding privilege between principal and surety in defense of claim. | 1.40 | 259.00 |
| 7/18/2006 | WDB | Continuing to research law regarding joint attorney-client privilege... | 2.80 | 448.00 |
| 7/18/2006 | BAD | Continuing research regarding claim of privilege between principal and surety ... | 1.30 | 240.50 |
| 7/16/2006 | Westlaw search | | | 374.58 |

Western has repeatedly informed this court that it had to bring this litigation

and incur the attorney fees in issue because its position was always adverse to that of

Bradford.   As such, the court finds the above research concerning a joint defense

privilege to have been unreasonably undertaken.   Western's claim is reduced by

$1,594.08.

---

[8]The court notes this calculation is actually low, as there are further hours spent by Western's counsel on these motions, but grouped with other activities on the collateralization attempts, and discussed there.

[9]The court determined each individual's share of the total time worked based on percentages and multiplied that for each of his proportional share of the 13.1 hour reduction, as follows:

| Mr. Harred | 1.64 hours @ $75/hr = 123.00 |
| Attorney Selden | 0.44 hours @  200/hr=   88.00 |
| Attorney Dodd | 5.78 hours @ 185/hr = 1068.30 |
| Attorney Stiff | 5.22 hours @ 200/hr = 1044.00 |
| | $2,323.30 |

| | | | | |
|---|---|---|---|---|
| 4/5/2006 | JKH | Research of Tennessee Code re: Homestead Exemption... | .50 | 37.50 |
| 4/6/2006 | JKH | Research of court records re: divorce case of Richard T. Bradford ... | 1.10 | 82.50 |
| 4/6/2006 | JKH | Purchased of money order to obtain copy of Mr. Bedford's divorce decree | | 5.79 |
| 4/11/2006 | JKH | Review of request for information from accounting consultant; report to file re: divorce decree and settlement agreement. | .40 | 30.00 |
| 4/11/2006 | JKH | Research Secretary of State website re: real estate partnerships owned by principal ... | .50 | 37.50 |
| 4/13/2006 | JKH | Review of Settlement Agreement from divorce of Richard and Pamela Bradford... | 1.80 | 135.00 |
| 4/18/2006 | LGS | Review of mediator's statement for service... conference...regarding collateralization issues raised by divorce decree and property settlement | 2.60 | 520.00 |
| 4/26/2006 | JKH | Review of memorandum from accounting consultant ... documentation of divorce settlement | .30 | 22.50 |
| 5/10/2006 | JKH | Review of memorandum from accounting consultant... | .80 | 60.00 |
| 8/21/2006 | LGS | Review of collateralization proposal and report to Joan Clements. | .70 | 140.00 |
| 9/27/2006 | LGS | Further review and analysis of expert licensure requirement for engineering testimony and exceptions thereto ... preparation and transmittal of collateral demand to plaintiff's counsel[10] | 2.30 | 460.00 |
| 10/6/2006 | BAD | Preparatoin (sic) of demand note, mortgage and security agreement; correspondence to counsel for Bradford Electric Company enclosing same | 2.10 | 388.50 |
| 10/9/2006 | BAD | ... continuing revision of demand note, mortgage and security agreement; conference with title company confirming agreement to perform title search on principal's property. | 1.70 | 314.50 |
| 10/9/2006 | LGS | ... review and revision of Note and Mortgage Security Agreement; response to Tyndal/Zulanas re collateral security issues | 3.50 | 700.00 |
| 10/10/2006 | JKH | Review of documents from counsel for Bradford; conference with Preffered (sic) Title re: title search of Winchester Road property | .60 | 45.00 |
| 10/10/2006 | JKH | Review and revision of Promissory Note and Mortgage Agreement. | .70 | 52.50 |
| 10/10/2006 | JKH | Correspondence with counsel for principal re: Promissory Note and Mortgage Agreement. | .40 | 30.00 |
| 10/10/2006 | BAD | Final revision of demand note mortgage and security agreement; confirmation of status of title search on commercial property; report to file | .90 | 166.50 |
| 10/13/2006 | JKH | Correspondence with title company re: Title search of property owned by principal. | .40 | 30.00 |

---

[10]For reasons stated infra, the court finds none of these activities reasonable. Additionally, this is a charge by plaintiff's counsel for sending something to plaintiff's counsel.

| Date | Init. | Description | Hours | Amount |
|---|---|---|---|---|
| 10/13/2006 | JKH | Correspondence with title company enclosing legal Description of property for completion of title search. | .30 | 22.50 |
| 10/13/2006 | BAD | Continuing conference with Preferred Title regarding Status of title search.... | 1.70 | 314.50 |
| 10/16/2006 | JKH | Assisting attorney with selection of exhibits for enclosure with letter to counsel for principal. | .70 | 52.50 |
| 10/16/2006 | JKH | Review and revision of mortgage and security agreement | .30 | 22.50 |
| 10/17/2006 | JKH | Review and analysis of title search; report to file. | .30 | 22.50 |
| 10/17/2006 | BAD | Continuing conference with counsel for Bradford Electric Company regarding status of execution of note... | .30 | 55.50 |
| 10/17/2006 | LGS | Conference with clients.... review and revision of motion for deposit for collateral. | 5.50 | 1100.00 |
| 10/20/2006 | BAD | Revision of note, security, agreement and mortgage; correspondence to client enclosing same; conference with counsel for Bradford Electric Company regarding | 2.30 | 425.50 |
| 10/20/2006 | LGS | Review and revision of letter to attorneys Zulanas and Tyndall re collateral demand and unilateral settlement options; conference with Joan Clements; review of order from Judge Johnson on all pending motions and repot (sic) to client...execution of note... | 4.70 | 940.00 |
| 10/20/2006 | LGS | Conference with Ken McLaughlin... confirmation of status of Note and Mortgage Security Agreement... | 4.50 | 900.00 |
| 10/23/2006 | BAD | Continuing preparation and revision of note, security agreement and mortgage... final preparation of Motion for Partial Summary Judgment and supporting Memorandum Brief ... | 5.80 | 1073.00 |
| 10/23/2006 | TLS | Evaluation of bankruptcy and related issues; report re same. | .50 | 100.00 |
| 10/23/2006 | LGS | Conference with Joan Clements; review and revision of Note and Security Agreements.... review and revision of Note and Security Agreement as directed by Joan Clements and transmittal to opposing counsel | 5.80 | 1160.00 |
| 10/24/2006 | BAD | ..... conference with counsel for Bradford Electric Company regarding status of note and security agreement... | 2.90 | 536.00 |
| 10/24/2006 | LGS | Review of expert reports ... report to Joan Clements re revised Note and Security Agreement and continued negotiation with opposing counsel re execution thereof. | 6.50 | 1300.00 |
| 10/25/2006 | JKH | Assisting attorney with review of documents re: promissory note and agreement; report to file. | .40 | 30.00 |
| 10/25/2006 | LGS | Continued review and revision of Note and Security Agreement; conference with attorney Tyndall regarding same; review and revision of Motion to Compel Collateral Deposit ... | 4.30 | 860.00 |
| 10/26/2006 | BAD | Review of file in preparation for meeting of Scott Cole... conference with counsel for Bradford Electric Company regarding status of none (sic) security agreement and mortgage | 5.20 | 962.00 |
| 11/6/2006 | BAD | Conference with counsel for Bradford Electric Company regarding collateralization demand... | 4.70 | 869.50 |

| | | | | |
|---|---|---|---|---|
| 11/17/2006 | LGS | Continued review and analysis of effect of mediation and conference ... re unilateral settlement options... and analysis of collateralization requirements. | 4.50 | 900.00 |
| 11/20/2006 | LGS | Review and revision of letter to attorneys Zulanas and Tyndall re collateral demand and unilateral settlement options ... review of order from Judge Johnson on all pending motions and report to client; preparation of physician's summary for pretrial order and confirmation of discovery schedule.[11] | 4.70 | 940.00 |

The court finds these activities unnecessary as Western already had a Consent Restraining Order in place protecting its interest in its principal's assets.  Therefore, delving into Richard Bradford's divorce could not assist Western in this litigation.  Similarly, in spite of the vast amounts of time spent obtaining title searches of Bradford's property, preparing a mortgage and note and talking about "unilateral settlements," Western never paid any amount of money out under the performance bond.  It paid one claim of approximately $24,000.00 under the payment bond.  In exchange, its counsel billed Western the sum of $15,843.79 solely on investigating and attempting to tie up Bradford's assets.  This too was in spite of the fact that Bradford had already entered into a consent order preventing either the business or the individual from disposing of their respective assets.  The court finds the entire sum of $15,843.79 unnecessarily incurred.

| | | | | |
|---|---|---|---|---|
| 7/30/2006 | LGS | Review of order on Motion to Compel and Motion to Reconsider by CCC counsel; report to client and | 2.70 | 540.00 |

---

[11]Although Western's counsel reference activities relating to "unilateral settlement options"in numerous entries, the term "unilateral settlement" appears to be an oxymoron.  The court cannot discern what "physician's summary for pretrial order" attorney Stiff may have worked on, as no medical claims or issues are in this case.

27

preparation for status conference with Judge
Johnson - confirmation of discovery status.

The court issued an Order granting a motion to compel filed by Consolidated (CCC) on July 12, 2006.  On July 21, 2006, Bradford filed a motion to reconsider. The court did not enter any Order on this motion to reconsider until July 31, 2006. Consolidated did not file any motion to reconsider the court's granting of Consolidated's motion.  As the court cannot ascertain what Attorney Stiff actually did for 2.70 hours, and Attorney Stiff spend at least another 6.80 hours preparing for the status conference with this court (entries dated 7/25/2006 and 7/31/2006), the court finds this $540.00 charge unreasonable.

| 11/28/2006 | JKH | review and analysis of court order setting briefing schedule for indemnity claim; report to file | .40 | $30.00 |
|---|---|---|---|---|

The court notes this Order was a grand total of five lines, which should have taken less than thirty seconds to read.  It contained one deadline.  It was also issued November 29, 2006, the day after this review and analysis took place.  The court finds a reasonable amount of time to be .10 hours, reducing the sum allowable by $22.50.

| 8/18/2006 | JKH | Confirming state licensure status of electrical expert; report to file. | .30 | 22.50 |
|---|---|---|---|---|
| 8/23/2006 | BAD | Analysis of recent Alabama case law regarding disqualification of non-licensed engineers from providing expert testimony; conference with architect license board confirming status of potential expert; report to file. | 1.40 | 259.00 |
| 8/24/2006 | LGS | Conference with possible architectural experts and confirmation of Ken McLaughlin position re engineering negligence. | 2.50 | 500.00 |
| 9/14/2006 | LGS | Review of expert issue; conference wiht (sic) Ken McLaughlin re qualifications/licensure issue... | 3.30 | 660.00 |

28

| 9/18/2006 | BAD | Conference with expert regarding availability for deposition; continuing evaluation of effect of recent Alabama Supreme Court opinion regarding license requirements for proposed engineering experts. | 2.10 | 388.50 |
| 9/19/2006 | BAD | Conference with counsel regarding status of proposed mediation... continuing evaluation of recent case law regarding qualifications of non-licensed experts. | 1.70 | 314.50 |
| 9/28/2006 | JKH | Preparation of documents re; Qualification of Expert Witnesses in Alabama ... | .40 | 30.00 |
| 9/28/2006 | JKH | Correspondence with engineering consultant re: Supreme Court decision and advisory opinion | .40 | 30.00 |
| 9/28/2006 | LGS | Conference with Ken McLaughlin re licensure issue; conference with Joan Clements; further evaluation of exceptions/applicability to licensure requirement as condition precedent to expert testimony ... | 3.80 | 760.00 |
| 10/27/2006 | JKH | Review and analysis of Motion to Strike Expert Witness by counsel for architect. | .50 | 37.50 |
| 10/27/2006 | BAD | Review and analysis of Motion to Strik (sic) ... | 2.20 | 407.00 |
| 10/30/2006 | TLS | Review of Motion to Strike Expert Designation and Brief filed in support thereof; review of case law and confirmation of deadline for responding to same. | .80 | 160.00 |
| 11/6/2006 | WDB | Researching law regarding admissibility of expert testimony in federal court and whether state law applies to such admissibility; researching the Alabama disciplinary rules for architects... | 5.40 | 864.00 |
| 11/6/2006 | LGS | Preparation and repsonse (sic) to SKT Motion to Strike McLaughlin... comprehensive discussion with attorneys Zulanas and Tyndall re indemnity issues and collateral issues... | 5.60 | 1120.00 |

As this was the expert of Western's choosing, Bradford should not be liable for

Western's decision to select an expert from outside the state of Alabama, who was not

licensed in the state of Alabama.  The sum of $5,553.00 is excessive.

| 9/6/2006 | BAD | Conference with counsel for all parties regarding ... proposed extension of discovery deadline .... preparation of draft unopposed Motion to Extend Discovery. | 1.60 | 296.00 |
| 9/7/2006 | JKH | Assisting attorney with drafting of Motion for Extension of time. | .80 | 60.00 |
| 9/7/2006 | BAD | Final revision of unopposed Motion to Extend Discovery; correspondence to counsel enclosing same for review... | 2.10 .50 | 388.50 37.50 |
| 9/8/2006 | JKH | Preparation of document and electronic filing of same with Federal Court. | | |

The motion to extend discovery was one page plus one line long.   Any attorney

should have been able to prepare the motion, proofread the motion, discuss the motion and file the motion in under one and a half hours.  The court deducts 3.50 hours from the 5.0 hours claimed.  Hence, the court finds a reasonable sum for this activity to be $185.00 (1 hour) for attorney Dodd, and $37.50 (1/2 hour) for Mr. Harred, a reduction of $559.50.

| 9/26/2006 | LGS | Preparation for meeting with expert Bill Sealy; general preparation for deposition of John Vandiver.... | 2.40 | 480.00 |
| 9/29/2006 | LGS | Outline of areas for coverage for Vandiver deposition. | 1.60 | 320.00 |

The deposition of John Vandiver reflects that it was attended by attorney Dodd.  The court can find no reasonable basis for an attorney to charge for 4 hours work to prepare for a deposition he was not going to attend.  The sum of $800.00 is subtracted.

| 10/30/2006 | JKH | Review and analysis of court order on briefing schedule for Motion; report to file | .40 | 30.00 |

This court order was four lines long.  It could not have required more than thirty seconds to read.  The court finds charging 24 minutes to read a four line order is excessive.  Billing .10 hour for this activity would have been reasonable.  The court eliminates .30 hours, for a reduction of $22.50.

| 11/20/06 | JKH | Review and analysis of order denying motion for partial summary judgment | .40 | 30.00 |

This Order was one and a half pages long.  It may have taken two minutes to read. Billing .10 for this activity would have been reasonable.  The court eliminates .30

hours, for a reduction of $22.50.

Counsel for Western also billed thousands of dollars in expenses.  Considering

the reasonableness of these charges, the court finds as follows:

```
Ikon Invoice of 3/9/2006:    $791.83 for office supplies.
Ikon Invoice of 5/14/2006:    658.68 for office supplies.
```

Office supplies are out of pocket expenses that are simply law firm overhead.  The

items purchased include folders, labels and binders.  The court will deduct the sum

of $1,450.51.

```
Dominick, Fletcher Invoice of 6/29/2006:   $584.00
```

This amount was incurred by Western because all of the parties agreed to attempt

mediation in an effort to resolve this case.  Each party to the mediation was to pay an

equal share of the cost of the mediation.  The court is of the opinion that Western is

not entitled to recoup this expense from Bradford, as Bradford has already paid its

fair share for the cost of this mediation, necessitated by Western's filing of this

lawsuit.  The court shall deduct this amount.

```
Cypress Consulting Invoice of 3/31/2006        $2,263.12
Bradford Electric Invoice of 3/27/2006           224.06
Allied Photocopy Invoice of 3/10/2006            217.30
Cypress Consulting Invoice of 5/31/2006          812.50[12]
```

These amounts were incurred by Western in its review of Bradford's financial

---

[12]This invoice includes a $250.00 charge for Western's accounting expert from
Connecticut to review Mr. Bradford's divorce documents.

31

condition.  Bradford's financial condition was never an issue in this lawsuit.  No

evidence, argument, letter, statement or thought that Bradford might enter bankruptcy

over the issues in this lawsuit has ever been brought up by any party to this litigation,

other than by Western in trying to justify why it spent tens of thousands of dollars

researching Bradford's financial condition.  The court finds the amount of $3,516.98

unreasonably incurred.

McLaughlin invoices from 9/25/2005 through 9/8/2006 include the following:

| | | |
|---|---|---|
| 9/25/2005 | Travel to Huntsville | $1,040.00 |
| 9/25/2006 | Milage | 465.60 |
| 9/25/2006 | Hotel | 388.50 |
| 9/28/2005 | Travel from Huntsville | 1,040.00 |
| 9/28/2005 | Travel Expense Reimbursement | 465.60 |
| 10/24/2005 | Travel to Huntsville | 1,040.00 |
| 10/24/2005 | Travel Expense Reimbursement | 933.09 |
| 10/26/2005 | Travel from Huntsville | 1,040.00 |
| 1/20/2006 | Trip to Huntsville | 1,560.00 |
| 1/20/2006 | Airfare | 521.20 |
| 6/25/2006 | Arbitration Meeting- Huntsville (Travel & Meet) | 1,040.00 |
| 6/25/2006 | Hotel | 191.21 |
| 6/26/2006 | Mileage | 358.90 |
| 6/27/2006 | Arbitration Meeting- Huntsville (Travel Day) | 780.00 |

Western hired an engineering consultant from Louisiana.  This individual was not

qualified to give expert testimony under Alabama law.  While Western was entitled

to hire the expert of its choosing, Bradford should not have to pay for that expert to

travel to Alabama.  Western could have retained experts within the State of Alabama,

as there has been no showing that a qualified engineering expert already licensed in

this state was unobtainable, or that all engineering consultants in Alabama were

32

unqualified.   The court subtracts the amount of $10,864.10.   Similarly, the court deducts the amount of $1,546.63, which attorney Stiff claimed for travel expenses on October 17, 2006, to New Orleans, Louisiana, for the deposition of Mr. McLaughlin.

In sum, the court finds the amount of $73,236.47 not reasonably incurred. Because it was not reasonably incurred, it is not recoverable under the surety agreement.   Therefore, the amount of fees and expenses reasonably recoverable by Western from Bradford under the GAI is $178,384.18.   The amount paid under the payment bond, $24,262.30 is also due to Western from Bradford.  The court shall so rule by separate Order.

**DONE** and **ORDERED** this the 8th day of January, 2007.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

33